UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY, | Civil Action No. 1:24-cv-96 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| PAUL WILLIAMS ROOFING LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Arch Specialty Insurance Company, by way of this Complaint against Defendant Paul Williams Roofing LLC, states as follows:

## PARTIES

1.      Plaintiff Arch Specialty Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

2.      Defendant Paul Williams Roofing LLC ("PWR") is a Texas limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). PWR's sole member is Bonnie Williams, a private individual who is domiciled in Carbon, Texas.

## JURISDICTION AND VENUE

3.      The amount in controversy between the parties exceeds $75,000.00.

4.      Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## COUNT ONE
(Breach of Contract)

5.      Arch repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6.      Arch issued Commercial General Liability Policy No. AGL0062613-00 to PWR for the effective dates of May 8, 2020 to May 8, 2021 ("the Policy").

7.      The Policy is an insurance contract providing insurance coverage for certain liabilities of PWR, as set forth in the Policy, in exchange for premiums.

8.      Arch fulfilled its contractual obligations and provided coverage under the Policy.

9.      Pursuant to the Policy's terms, the initial premiums were based on information submitted by PWR and/or its insurance agent/broker on PWR's behalf regarding PWR's estimated exposure for the effective dates of coverage.

10.     Because initial premiums are based on estimated information, the Policy is subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured, or return of premiums due to the insured from the insurer.

11.     The audit of the Policy resulted in an additional premium of at least $81,483.00 owed by PWR to Arch (the "Additional Premium").

12.     PWR failed and refused to remit payment of the $81,483.00 owed to Arch pursuant to the terms of the Policy.

13.     Arch billed and/or issued demands for payment for the outstanding amount to PWR in a timely fashion.

14.     PWR is also obligated to pay a Texas Surplus Lines Tax and a Texas Stamping Fee equal to 4.85% and 0.15% of the Additional Premium, respectively ("Texas Taxes and Fees").

15.     The Texas Taxes and Fees equals $4,074.16.

16.     Prior to filing the instant litigation, Arch demanded payment of the Additional Premium and Texas Taxes and Fees owed by PWR and attempted to collect the same without success.

17.     Through its failure and refusal to remit payment of the Additional Premium and Texas Taxes and Fees, PWR breached its contract with Arch, *i.e.* the Policy.

18.     PWR has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount no less than $85,557.16 plus interest, attorney's fees and litigation costs.

## COUNT TWO
### (Unjust Enrichment)

19.     Arch repeats, restates and realleges the allegations of Paragraphs 1 through 18 as if fully set forth herein.

20.     Arch has provided insurance coverage and related services to PWR for which PWR has refused to pay and has been unjustly enriched thereby.

21.     Arch repeatedly has demanded that PWR remit payment of the amount due and owing to Arch.

22.     PWR has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby unjustly enriching PWR and causing Arch to suffer damages in an amount no less than $85,557.16, plus interest, attorney's fees and costs.

## COUNT THREE
### (Account Stated)

23.     Arch repeats, restates and realleges the allegation of Paragraphs 1 through 22 as if fully set forth herein.

24.     PWR being indebted to Arch upon an account stated between them, promised to pay Arch the amount owed on demand.

25.     Arch repeatedly has demanded that PWR remit payment for the amount owed to Arch. PWR, however, has failed and refused to remit payment.

26.     PWR's failure to pay the balance due and owing to Arch has caused Arch to suffer damages in an amount no less than $85,557.16, plus interest, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Arch demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Arch demands judgment against PWR in an amount no less than $85,557.16, together with, interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

Date: June 24, 2024

Respectfully submitted,

_/s/ Taylor D. Hennington_

Taylor D. Hennington, SBN: 24116508
thennington@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: 945.229.6390
Facsimile:  312.704.3001

Vitaly Vilenchik, NY Bar No. 5589486
vvilenchik@hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
800 Third Avenue, 13th Floor
New York, NY 10022
Telephone: 212.471.6200

**ATTORNEYS FOR PLAINTIFF**